UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------X
ALISHER ABDULLAEV and
ILKHOM TOIROV,

Plaintiffs,

-against-

SYSTEM FREIGHT, INC. and
JAMAL CLARK,

Defendants.
-----------------------------------------------X

MEMORANDUM AND ORDER AND REPORT AND RECOMMENDATION
25 CV 6161 (OEM)(RML)

LEVY, United States Magistrate Judge:

By order dated December 22, 2025, the Honorable Orelia E. Merchant, United States District Judge, referred plaintiff Ilkhom Toirov's motions to sever, amend and remand to me. For the reasons stated below, the motion to sever is denied,[1] the motion to amend the complaint to add a nondiverse defendant is granted,[2] and I respectfully recommend that the case be remanded to state court for lack of subject matter jurisdiction.[3]

---

[1] "A motion to sever is properly decided by the Magistrate Judge by Memorandum and Order rather than Report and Recommendation because the decision is not dispositive of any party's rights." Mosca v. City of New York, No. 17 CV 4327, 2019 WL 5592855, at *1 (E.D.N.Y. Oct. 30, 2019) (internal quotation marks and citation omitted).

[2] Whether a motion to amend is considered dispositive or non-dispositive under 28 U.S.C. § 636(b)(1)(A) is unsettled in the Second Circuit. See Charlot v. Ecolab, Inc., 97 F. Supp. 3d 40, 46 n.5 (E.D.N.Y. 2015); accord Allen v. United Parcel Serv., Inc., 988 F. Supp. 2d 293, 297 (E.D.N.Y. 2013). However, "[d]istrict courts in this circuit have suggested that a magistrate judge's denial of a motion to amend a complaint should be treated as dispositive, while a grant of the same motion should be treated as non-dispositive." Louis v. Metro. Transit Auth., No. 12 CV 6333, 2014 WL 5311455, at *1 (E.D.N.Y. Oct. 16, 2014) (quoting Tyree v. Zenk, No. 05 CV 2998, 2009 WL 1456554, at *3 (E.D.N.Y. May 22, 2009)).

[3] A motion to remand a case to state court for lack of subject matter jurisdiction is dispositive because it "determines the fundamental question of whether a case [can] proceed in a federal court." Williams v. Beemiller, Inc., 527 F.3d 259, 266 (2d Cir. 2008) (citation omitted).

## BACKGROUND

Plaintiffs Alisher Abdullaev ("Abdullaev") and Ilkhom Toirov ("Toirov") (together, "plaintiffs") initiated this action in the Supreme Court of the State of New York, Kings County, on February 7, 2025 against defendants System Freight, Inc. ("SF") and Jamal Clark ("Clark") (together "defendants"), seeking damages for personal injuries sustained in a car crash in Kings County, New York on November 6, 2024. (See generally Complaint, dated Feb. 7, 2025 ("Compl."), Dkt. No. 1-1.) The complaint alleges that defendants' vehicle, operated by Clark and owned by SF, rear-ended the vehicle operated by Abdullaev, in which Toirov was a passenger. (Id. ¶¶ 22–31, 37–47.)

Defendants petitioned for removal to this court based on diversity jurisdiction on November 5, 2025. (Notice of Removal, filed Nov. 5, 2025 ("Removal"), Dkt. No. 1.) Plaintiffs are both New York residents, Clark is a New Jersey resident, and SF is a New Jersey corporation with a principal place of business in Jamesburg, New Jersey. (Id. ¶¶ 3–7.) Defendants assert that the amount in controversy exceeds $75,000 based on disclosures in August and October 2025 that plaintiffs underwent various spinal and knee surgeries. (Id. ¶¶ 10–12.) On December 2, 2025, plaintiffs certified that their damages exceed $150,000 exclusive of costs and interest. (Certification of Damages Sought, dated Dec. 2, 2025, Dkt. No. 7.)

On December 11, 2025, defendants moved to amend their answer to include a counterclaim against Abdullaev as a joint tortfeasor. (Defendants' Motion to Amend Answer, dated Dec. 11, 2025 ("Defs.' Mot. to Amend"), Dkt. No. 8.) Defendants point to the police report from the November 6, 2024 crash, which states that "V2 [(the 'Abdullaev vehicle')] was making a left turn . . . [and] came to an abrupt stop which caused V1 [('defendants' vehicle')] to collide in [*sic*] [the Abdullaev vehicle] . . . ." (See Police Accident Report, attached as Ex. A to

Defs.' Mot. to Amend, dated Nov. 6, 2024, Dkt. No. 8-1, at 1.) Defendants argue that this description "suggests that Abdullaev caused and/or contributed to the subject accident" and that "[a]s a result, defendants should . . . be permitted to seek recovery against Abdullaev as a joint tortfeasor with regard to Toirov's alleged injuries." (Defs.' Mot. to Amend at 1.)

On December 15, 2025, this court ordered plaintiffs to show cause why defendants should not be granted leave to amend their answer under Rule 15 of the Federal Rules of Civil Procedure. (Order to Show Cause, dated Dec. 15, 2025.) Abdullaev's counsel responded that because defendants failed to attach to their motion a proposed amended answer, as required by Local Civil Rule 15.1, "it [would be] impossible . . . to determine the legal sufficiency of the proposed amendment." (Abdullaev's Response to Defendants' Motion to Amend, dated Dec. 16, 2025, Dkt. No. 11.) Abdullaev accordingly requested that defendants be ordered to comply with Local Civil Rule 15.1 or that the motion be denied. (Id.) This court ordered defendants to file their proposed amended answer by December 22, 2025 in compliance with Local Civil Rules. (Order, dated Dec. 16, 2025.) Defendants have not filed a proposed amended answer to date.

"Recognizing the apparent conflict" between plaintiffs, on December 18, 2025, Toirov moved to sever his claims from co-plaintiff Abdullaev's claims, to amend the complaint to name New York resident Alexander Burtsev as a defendant, and to remand this case to state court for lack of diversity jurisdiction. (Letter of Theodore W. Ucinski, Esq., dated Dec. 18, 2025 ("Toirov's Mot."), Dkt. No. 12; see also Letter of Theodore W. Ucinski, Esq., dated Dec. 23, 2025, Dkt. No. 14 (arguing in further support of severance, amendment, and remand); Letter of Theodore W. Ucinski, Esq., dated Dec. 23, 2025, Dkt. No. 16 (same).) Defendants oppose the motion. (Letter of Keith Harris, Esq., dated Dec. 22, 2025, Dkt. No. 13.) I held oral argument

on February 4, 2026. (Minute Entry, dated Feb. 4, 2026; Transcript of Proceedings, dated Feb. 4, 2026 ("Tr."), Dkt. No. 22.)

## DISCUSSION

### I. Motion to Sever

Toirov asks the court to sever his claims from Abdullaev's claims "as permitted by Rule 21" but then "to join the two actions for the purposes of discovery and trial pursuant to Rule 42." (Toirov's Mot. at 2.) A court may "sever any claim against a party." FED. R. CIV. P. 21. "[S]evered claims become entirely independent actions to be tried, and judgment entered thereon, independently." Hedgeye Risk Mgmt., LLC v. Dale, 343 F.R.D. 367, 370 (S.D.N.Y. 2023) (quoting Cestone v. General Cigar Holdings, Inc., No. 00 CV 3686, 2002 WL 424654, at *2 (S.D.N.Y. Mar. 18, 2002)).

"The decision whether to grant a severance motion is committed to the sound discretion of the trial court." State of New York v. Hendrickson Bros., Inc., 840 F.2d 1065, 1082 (2d Cir. 1988) (citations omitted); see also In re Merrill Lynch & Co., Inc. Rsch. Reps. Sec. Litig., 214 F.R.D. 152, 155 (S.D.N.Y. 2003) ("The trial court has . . . great discretion to restructure an action to promote the efficient administration of justice."). "However, federal courts view severance as a procedural device to be employed only in exceptional circumstances." Laureano v. Goord, No. 06 CV 7845, 2007 WL 2826649, at *8 (S.D.N.Y. Aug. 31, 2007) (internal quotation marks and citation omitted), report and recommendation adopted, No. 06 CV 7845, 2007 WL 2852770 (S.D.N.Y. Sept. 28, 2007). Relevant factors to consider are (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

Rudersdal v. Harris, 18 CV 11072, 2021 WL 2209042, at *22 (S.D.N.Y. Feb. 27, 2021) (collecting cases), report and recommendation adopted as modified, 2022 WL 263568 (S.D.N.Y. Jan. 28, 2022).

Severance of Toirov's claims from those of his co-plaintiff would neither serve the interests of justice nor promote the efficient resolution of this litigation. Plaintiffs' claims arise out of the same November 6, 2024 car crash and share numerous questions of fact and law, including the apportionment of fault and liability. Severance here would result in two separate lawsuits with the same parties relying on the same witnesses and evidence. Because "the impulse is toward the broadest possible scope of action consistent with fairness to the parties," and "joinder of claims, parties and remedies is strongly encouraged," United Mine Workers v. Gibbs, 383 U.S. 715, 724 (1966), I find that Toirov has failed to allege sufficient grounds to justify severance.[4] Accordingly, the motion to sever is denied.

## II. Motion to Amend and Remand

Toirov also moves to file an amended complaint naming New York resident Alexander Burtsev as a defendant and to remand the case to state court for lack of subject matter jurisdiction. (Toirov's Mot. at 3.) Toirov alleges that Burtsev owned the vehicle operated by Abdullaev at the time of the November 6, 2024 collision. (See id. at 2; Proposed Amended Complaint, dated Dec. 18, 2025 ("PAC"), Dkt. No. 12-1, ¶¶ 26–35.) Defendants object that

[4] Toirov argues that severance is "proper" because he wishes to bring claims against co-plaintiff Abdullaev and "a party may not be named as a Plaintiff and a Defendant in the same lawsuit." (Toirov's Mot. at 2.) Toirov is incorrect. Rule 13(g) of the Federal Rules of Civil Procedure expressly permits a party to assert as crossclaims any claim "against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action." FED. R. CIV. P. 13(g); see also Guzman v. Evans Delivery Co. Inc., No. 23 CV 3536, 2023 WL 6518709, at *1 (S.D.N.Y. Oct. 5, 2023) (denying plaintiff's motion to join her co-plaintiff as a third-party defendant because "any claims brought against [plaintiff] by her co-plaintiffs should be asserted as crossclaims").

Toirov's sole interest in naming Burtsev as a defendant is to defeat diversity jurisdiction. (Letter of Keith Harris, Esq., dated Dec. 22, 2025, Dkt. No. 13, at 2; Tr. at 6:14–15 (arguing that Burtsev is "being added simply to destroy diversity"), 9:22–10:4 (same).)

"Pursuant to the removal statute and pertinent case law, in a situation such as this where a plaintiff seeks to join a non-diverse defendant whose addition to the case would 'destroy subject matter jurisdiction,' the trial court can either allow joinder and remand the action to the state court in which it was filed or deny joinder and retain jurisdiction over the case." Sonn v. Wal-Mart Stores, Inc., No. 06 CV 1816, 2006 WL 2546545, at *2 (E.D.N.Y. Sept. 1, 2006) (citing 28 U.S.C. § 1447(e)). "The decision whether to admit the new part[y] is within the sound discretion of the trial court." Briarpatch Ltd., L.P. v. Pate, 81 F. Supp. 2d 509, 515 (S.D.N.Y. 2000).

Courts engage in a two-part analysis when determining whether to permit joinder and remand a case pursuant to 28 U.S.C. § 1447(e). "First, joinder and remand must satisfy Federal Rule of Civil Procedure 20, which governs permissive joinder of parties." McGrath v. Indus. Waste Techs., No. 20 CV 2858, 2021 WL 791537, at *5 (S.D.N.Y. Feb. 26, 2021) (citing Nazario v. Deere & Co., 295 F. Supp. 2d 360, 363 (S.D.N.Y. 2003)). If joinder is permissible, the court must then "conduct a 'fundamental fairness' analysis to 'ascertain whether the balancing of certain relevant considerations weighs in favor of joinder and its necessarily attendant remand.'" Vanderzalm v. Sechrist Indus., Inc., 875 F. Supp. 2d 179, 183 (E.D.N.Y. 2012) (quoting McGee v. State Farm Mut. Auto. Ins. Co., 684 F. Supp. 2d 258, 262 (E.D.N.Y. 2009)).[5]

---

[5] Defendants' argument that remand is not warranted because Burtsev is not an indispensable party to the litigation misses the mark. (See Tr. at 5:18–6:22.) The issue is not whether Burtsev

*(Continued . . . .)*

A. Permissive Joinder Under Rule 20(a)(2)

Rule 20(a)(2) permits joinder of multiple defendants in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). "Courts have interpreted the phrase 'same transaction or occurrence' in Rule 20(a) to include all 'logically related claims by or against different parties to be tried in a single proceeding.'" Wilson v. Toussie, No. 01 CV 4568, 2003 WL 22466219, at *5 (E.D.N.Y. Oct. 8, 2003) (quoting Blesedell v. Mobil Oil Co., 708 F. Supp. 1408, 1421 (S.D.N.Y. 1989)). "[I]n assessing whether [the] requirements [of Rule 20(a)(2)] are met, courts must accept the factual allegations in a plaintiff's complaint as true." McGrath, 2021 WL 791537, at *6 (citing Viada v. Osaka Health Spa, Inc., 235 F.R.D. 55, 61 (S.D.N.Y. 2006)).

Here, joinder is permissible under Rule 20(a)(2). First, "it is clear that this action's current and prospective defendants are each implicated in the same event [(the November 6, 2024 collision)], and that an action including all of these parties would involve at least one common question of law or fact." Nazario, 295 F. Supp. 2d at 363 (citing Gibbs, 383 U.S. at 724). Courts in this Circuit have previously held that allegations of a common underlying accident can satisfy the requirements of Rule 20(a)(2). See McGrath, 2021 WL 791537, at *6 (collecting cases). Additionally, Toirov's proposed amended complaint alleges that his injuries were caused by defendants' and Burtsev's collective negligence. (PAC ¶¶ 43–45.) "This necessarily involves questions of law and fact common to all defendants, including the

---

is an indispensable party to the action but merely whether his joinder is permissible under Rule 20. See Ruiz v. Forest City Enters., Inc., No. 09 CV 4699, 2010 WL 3322505, at *2 (E.D.N.Y. Aug. 20, 2010).

apportionment of fault and liability." McGrath, 2021 WL 791537, at *6 (citing Reyes v. Nat'l Car Rental Fin. LP, No. 99 CV 10058, 2000 WL 769205, at *2–3 (S.D.N.Y. June 13, 2000) (finding that allegations of vicarious liability and direct liability against car owner and renter arose from same car accident and involved common questions of law and fact)). Joinder is therefore permissible under Rule 20(a)(2).

B. Fundamental Fairness

The court must next consider whether permitting the diversity-destroying joinder "comports with principles of fundamental fairness." Vanderzalm, 875 F. Supp. 2d at 184. "[P]rinciples of fundamental fairness [are] appraised using the following factors: (1) any delay, as well as the reason for delay, in seeking joinder; (2) resulting prejudice to defendant; (3) likelihood of multiple litigation; and (4) plaintiff's motivation for the amendment." Nazario, 295 F. Supp. 2d at 363 (citations omitted). Joinder is permitted when these factors weigh in the moving party's favor. Id. "This fairness analysis is intended to balance the general preference for a broad scope of action against concerns relating to the manipulation of jurisdiction by a plaintiff." Abraham Nat. Foods Corp. v. Mount Vernon Fire Ins. Co., 576 F. Supp. 2d 421, 425 (E.D.N.Y. 2008).

The first factor, delay, weighs in Toirov's favor. "Delay in seeking amendment is measured from the date of removal." Nazario, 295 F. Supp. 2d at 363. Defendants removed this action on November 5, 2025. (See generally Removal.) Toirov filed his motion to sever, amend, and remand approximately six weeks later, on December 18, 2025. (See generally Toirov's Mot.) A delay of six weeks is not in itself unreasonable. Isaly v. Bos. Globe Media Partners, LLC, 650 F. Supp. 3d 106, 114 (S.D.N.Y. 2023) (six weeks between removal and amendment to pleading adding nondiverse parties did not constitute unreasonable delay), aff'd, 2023 WL

6439901 (2d Cir. Oct. 3, 2023). "Indeed, courts in this [Circuit] have found much lengthier time periods between removal and the filing of plaintiff's motion . . . to be reasonable." Id. (collecting cases). Therefore, the first factor of delay counsels in favor of amendment.

The second factor concerns any resulting prejudice to defendants from allowing Toirov to amend. The court understands defendants' claim of prejudice to be the loss of their ability to litigate in this forum. (See Tr. at 9:1–4 ("I think the prejudice is clear because it results in remand . . . to return to a venue that [Toirov] for whatever reason favors.").) But the loss of litigating in federal court does not constitute sufficient prejudice to deny joinder. See, e.g., Cooper v. Trs. of Coll. of Holy Cross, No. 13 CV 8064, 2014 WL 2738545, at *8 (S.D.N.Y. June 17, 2014) ("It is true that [d]efendants have an interest in defending this action in this forum, and that they properly removed this action, but these facts alone do not suffice."); Nazario, 295 F. Supp. 2d at 364 (same, and further noting that the case had not "advanced in any way to a point where remanding it to state court with additional defendants will require [defendant] to revise or abandon a litigation strategy for which resources have already been expended"). "Because this case remains in its infancy and no . . . discovery has commenced, the lack of prejudice to [d]efendant[s] counsels in favor of allowing joinder and remanding." 2386 Hempstead, Inc. v. WFG Nat'l Title Ins. Co., No. 22 CV 9944, 2023 WL 2822553, at *5 (S.D.N.Y. Apr. 7, 2023) (citing Jerido v. Uber Techs., Inc., No. 22 CV 2217, 2022 WL 17986179, at *5 (S.D.N.Y. Dec. 29, 2022) (collecting cases)).

The third factor—the likelihood of multiple litigation—also weighs in Toirov's favor, if only slightly. Denying joinder could result in parallel litigations as Toirov would be forced to pursue his claims against Burtsev in a separate action in state court. On the other hand, "[a]ny risk of multiple litigation could have been eliminated by joining [Burtsev] in the initial

action filed in New York State Court against [defendants]." Lebetkin v. Giray, No. 18 CV 8170, 2018 WL 5312907, at *3 (S.D.N.Y. Oct. 26, 2018). Accordingly, although the court gives this factor less weight than the others, it still weighs in Toirov's favor. See Jerido, 2022 WL 17986179, at *6.

As to the fourth factor, defendants assert that Toirov's sole reason for seeking to add Burtsev is to defeat diversity jurisdiction. (Letter of Keith Harris, Esq., dated Dec. 22, 2025, Dkt. No. 13, at 2 (urging the court to "require[] Toirov to demonstrate his true objective is something other than simple (and improper) forum manipulation"); Tr. at 6:14–15 (arguing that Burtsev is "being added simply to destroy diversity"), 9:22–10:4 (same).) Plaintiff responds that the amendment is motivated by recent discovery revealing that Burtsev was the registered owner of the Abdullaev-driven vehicle at the time of the November 6, 2024 collision, and thus, may be liable for Toirov's alleged injuries under N.Y. Vehicle and Traffic Law ("VTL") § 388. (Letter of Theodore W. Ucinski, Esq., dated Dec. 23, 2025, Dkt. No. 14, at 1; see also Tr. at 4:8–4:13 (asserting that Toirov "first learned about [Burtsev] when [Toirov] ran the DMV search . . . [on] December 16th of 2025").) See N.Y. Veh. & Traf. L. § 388(1) (a car owner is liable for an accident caused by the negligence of a permissive operator even if the owner himself was not negligent).

"Where the other three factors are met, this Court is required to remand the action to state court 'unless a plaintiff seeks to add a non-diverse party *solely* to destroy the court's basis for diversity jurisdiction.'" Durstenberg v. Electrolux Home Prods., Inc., No. 15 CV 9277, 2016 WL 750933, at *2 (S.D.N.Y. Feb. 23, 2016) (emphasis in original) (quoting Balfour v. Quest Diagnostics Inc., No. 11 CV 4701, 2012 WL 335666, at *2 (S.D.N.Y. Feb. 1, 2012)). "To determine a plaintiff's motivation for joining a non-diverse defendant, 'courts typically look to

the timing of the joinder, the circumstances of the case, and whether there is a cause of action against the non-diverse defendant.'" Duino v. CEM W. Vill., Inc., No. 18 CV 10249, 2020 WL 3249214, at *4 (S.D.N.Y. June 16, 2020) (quoting M.S.S. Const. Corp., 2015 WL 6516861, at *7). However, where, as here, "a plaintiff discovers new information, subsequent to filing its complaint, that warrants the addition of new parties, courts have routinely held that no inference arises that the plaintiff was motivated to join the defendant solely to defeat jurisdiction." Ruiz v. Forest City Enters., Inc., No. 09 CV 4699, 2010 WL 3322505, at *3 (E.D.N.Y. Aug. 20, 2010) (internal quotation marks and citation omitted).

At oral argument, Toirov explained that his motivation to add Burtsev is to increase his chance of recovery and to expedite litigation. (Tr. at 7:15–18 ("If I don't name the owner of the vehicle [(Burtsev)] in the lawsuit, then it's a problem because say the operator [(Abdullaev)] does not have sufficient funds to a satisfactory judgment [*sic*], I then need to look directly at the owner.").) This purported interest in avoiding multiple litigation weighs in favor of joinder. See McGrath, 2021 WL 791537, at *7; see also Dieng v. Smith & Nephew Dyonics, Inc., No. 02 CV 8201, 2003 WL 22240748, at *3 (S.D.N.Y. Sept. 29, 2003) ("[I]t is likely that Plaintiff wishes to join all defendants who may have contributed to the injuries he claims to have suffered in order to increase his chances of recovery and to expedite litigation."); Wyant v. Nat'l R.R. Passenger Corp., 881 F. Supp. 919, 923 (S.D.N.Y. 1995) (permitting joinder because plaintiffs "appear[ed] to be motivated . . . by a good faith desire to seek recovery from those parties they contend are liable to them"). Furthermore, defendants' assertion alone that Toirov's "true objective" is "forum manipulation" (Letter of Keith Harris, Esq., dated Dec. 22, 2025, Dkt. No. 13, at 2), is insufficient to defeat amendment. See Dieng, 2003 WL 22240748, at *3 ("Bald assertions or implications that a plaintiff is motivated only to destroy diversity are insufficient

proof of such motivation.").[6] Thus, the fourth factor—Toirov's motivation for seeking to amend—also weighs in his favor. After balancing the factors, the court finds that permitting joinder is fundamentally fair. Accordingly, Toirov is granted leave to amend the complaint to name Burtsev as a defendant and assert claims against him.

## CONCLUSION

For the reasons stated above, Toirov's motion to sever his claims from Abdullaev's claims is denied; and the motion for leave to file an amended complaint to join New York resident Alexander Burtsev as a defendant is granted pursuant to 28 U.S.C. § 1447(e). Toirov is directed to file an amended complaint within fourteen days of this order.

Upon the filing of an amended complaint that joins Burtsev, the court respectfully recommends that this case be remanded to the Supreme Court of the State of New York, Kings County. Any objections to this Report and Recommendation must be filed electronically within fourteen days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
August 17, 2026

[6] "In the present case, the Court notes that any allegation that [Toirov] [is] forum-shopping could be levied equally against the Defendants, who seem to want to avoid remand because they believe federal court will be a more favorable forum to their position." Hosein v. CDL W. 45th St., LLC, No. 12 CV 6903, 2013 WL 4780051, at *6 n.2 (S.D.N.Y. June 12, 2013).